1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10
11

ATHANE SAVANGSENGOUTHA,

CASE NO. 09-CV-1978 H (PCL)

12

                      Petitioner,

ORDER DENYING
PETITIONER'S WRIT OF
HABEAS CORPUS AND
ADOPTING REPORT AND
RECOMMENDATION

13

     vs.

14

JAMES SCHOMIG, Warden,

15

                      Respondent.

16

       Petitioner Athane Savangsengoutha, a California state prisoner proceeding pro se, filed

17

a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on September 9, 2009.

18

(Doc. No. 1.)  The California Supreme Court previously denied his habeas petition on April

19

15, 2009.  (Doc. No. 11.)  Petitioner claims a violation of his Sixth and Fourteenth Amendment

20

rights to a fair trial and due process because he claims the trial court failed to give a jury

21

instruction requiring unanimity regarding the allegation that he used a knife in the commission

22

of robbery.  (Doc. No. 1.)  Petitioner also alleges that the trial court abused its discretion in

23

violation of state law in sentencing Petitioner to the upper limits and to consecutive terms

24

based on the same aggravating factors.  (Id.)  On December 7, 2009, Respondent filed its

25

opposition to Petitioner's motion, claiming that Petitioner does not allege a federal question

26

or establish that the state court demonstrated an unreasonable application of federal law on

27

either claim.  (Doc. No. 11.)  Petitioner did not file an objection to the report and

28

recommendation.  For the foregoing reasons, the Court denies Petitioner's petition.

1

**Discussion**

2

**I. Legal Standard**

3        In conducting habeas review, a federal court is limited to deciding whether the

4    conviction violated the Constitution, law, or treaties of the United States. 28 U.S.C.A. § 2241.

5    <u>Estelle v. McGuire</u>, 502 U.S. 62, 72–73 (1991). A federal court "shall entertain an application

6    for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State

7    court only on the ground that he is in custody in violation of the Constitution or laws or treaties

8    of the United States." 28 U.S.C. § 2254(a). Only errors of federal law can support federal

9    intervention in state court proceedings. <u>Oxborrow v. Eikenberry</u>, 877 F.2d 1395, 1400 (9th

10   Cir. 1989) (holding that federal courts are not concerned with errors of state law unless they

11   rise to the level of a constitutional violation). Federal courts are bound by the state's

12   interpretation of its own law. <u>See Estelle v. McGuire</u>, 502 U.S. at 67–68 (holding that federal

13   courts may not reexamine state court determinations on state law questions); <u>Jackson v. Ylst</u>,

14   921 F.2d 882, 885 (9th Cir. 1990) (holding that federal courts "have no authority to review a

15   state's application of its own laws").

16       Federal habeas petitions filed after April 25, 1996 are governed by the Antiterrorism

17   and Effective Death Penalty Act of 1996 (AEDPA). <u>See Lindh v. Murphy</u>, 521 U.S. 320,

18   322–23 (1997). AEDPA establishes a "highly deferential standard for evaluating state-court

19   rulings," <u>id.</u> at 334 n.7, requiring that "state-court decisions be given the benefit of the doubt."

20   <u>Woodford v. Visciotti</u>, 537 U.S. 19, 24 (2002). The petitioner has the "burden of rebutting the

21   presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). A

22   federal court can grant a prisoner habeas relief only if it determines the result of a claim

23   adjudicated on the merits "was contrary to, or involved an unreasonable application of, clearly

24   established federal law, as determined by the Supreme Court of the United States," or "was

25   based on an unreasonable determination of the facts in light of the evidence presented in the

26   State court proceeding." 28 U.S.C. § 2254(d). A state court's decision is contrary to clearly

27   established federal law if it (1) applies a rule that contradicts governing Supreme Court

28   authority, or (2) it "confronts a set of facts that materially indistinguishable from a relevant

Supreme Court precedent and arrives at a" different result. <u>Williams v. Taylor</u>, 529 U.S. 362,

405 (2000) (citation omitted).  To be found unreasonable, the application of the precedent "must have been more than incorrect or erroneous;" it "must have been 'objectively unreasonable.'"  Wiggins v. Smith, 539 U.S. 510, 520–21 (2003) (citation omitted); see also Williams, 529 U.S. at 409–10 (2000) (distinguishing an objectively unreasonable application from an incorrect application).

## II. Jury Instruction Claim

Petitioner claims that his Sixth and Fourteenth Amendment rights to a fair trial and due process were violated when the trial court failed to give a jury instruction requiring unanimity regarding the allegation that he used a knife in the commission of the crime.  (Doc. No. 1.)  The United States Supreme Court in Richardson v. U.S., 526 U.S. 813, 817 (1999), rejected Petitioner's due process argument.  Specifically, the Court held,

> Where, for example, an element of robbery is force or threat of force, some jurors might conclude that the defendant used a knife to create the threat; others might conclude he used a gun.  But that disagreement–a disagreement about means– would not matter as long as all 12 jurors unanimously concluded that the Government had proved the necessary related element, namely, that the defendant had threatened force.

Id.

Richardson is directly applicable to Petitioner's case.  In Petitioner's trial, the jury unanimously agreed that he used forced to commit the robbery regardless of the means by which force was used.  Thus, the jury's verdict went above what is required for the Sixth and Fourteenth Amendments; it was unanimous.  See Apodaca, 406 U.S. at 406; Johnson, 406 U.S. at 359.  Petitioner fails to present that the trial court, in giving its jury instruction, applied a rule contradicting clearly established federal law or that the trial court decision is based on an unreasonable determination of fact.  See § 2254(d).

## III. Sentencing Error Claim

Petitioner also argues that the trial court improperly sentenced him to both the upper terms and to consecutive sentences based upon the same aggravating factors which were

- 3 -

09cv1978

already used to impose prison prior enhancements.  (Doc. No. 1.)  Specifically, Petitioner argues that the sentencing error violated state law.  (Id.)  Because Petitioner has only alleged a violation of state law in claim two, it is not cognizable in a federal habeas petition.  See  § 2254 (requiring a violation of clearly established federal law or a decision made on an unreasonable determination of facts to sustain a valid habeas petition).

### Conclusion

For the reasons set forth above, the Court DENIES Petitioner's Writ of Habeas Corpus. The Court also denies a certificate of appealability.

**IT IS SO ORDERED.**

DATED: April 5, 2010

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:
All parties of record.